**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**


**E. D. By and Through Her
Mother and Next Friend, E.L.**                                      **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 2:11cv43KS-MTP**

**GERALD WAYNE PUGH, Officially and in his
individual capacity; SHERIFF KEVIN FORTENBERRY,
Officially and in his individual capacity; GREENE COUNTY,
MISSISSIPPI BOARD OF SUPERVISORS; GREENE COUNTY
SCHOOL DISTRICT; and JOHN DOES 1-25, in their official
and individual capacities**                                      **DEFENDANTS**



**MEMORANDUM OPINION AND ORDER**

      This matter is before the court on a Motion to Dismiss or for Summary Judgment

**[#57]** filed on behalf of the defendant, Greene County School District (the "GCSD" or

the "School District").  The court, having reviewed the motion, the response, the

pleadings and exhibits on file and being otherwise fully advised in the premises finds

that the motion is well taken and should be granted.  The court specifically finds as

follows:

      On February 28, 2011, the Plaintiff filed suit against the Defendants regarding an

"encounter" that the Plaintiff alleges occurred between E.D. and Officer Gerald Wayne

Pugh on October 9, 2009.  The Plaintiff argues that Officer Pugh was an "employee" of

defendant Greene County School District or at least someone over whom it should have

exercised supervision and assumed responsibility for.  The Plaintiff filed an amended

complaint on April 5, 2011, essentially asserting the same allegations and form of relief.

The Defendant, Greene County School District, filed its Answer and Affirmative Defenses on April 20, 2011.  If has now filed the present motion to dismiss, or in the alternative, for summary judgment.

The events which form the basis of the Complaint occurred, as alleged, after a football game at Greene County High School on October 9, 2009.  The Plaintiff, E.D., asserts that defendant, Gerald Wayne Pugh, took E.D. from the GCSD campus under the "ruse" of giving her a ride home after an athletic event, and at some point in time thereafter, forced himself upon her culminating in a "rape" of E.D. for which she failed to report for some time.  Pugh was an employee of the Greene County Sheriff's Department, and during the daytime, was assigned to the Greene County High School as its "school resource officer."  The Plaintiff has filed this suit alleging a variety of state law claims as well as Constitutional claims under the provisions of 42 U.S.C. § 1983. The court has previously dismissed a demand for punitive damages.

## LEGAL STANDARDS

The defendant GCSD has moved the court to dismiss the Plaintiff's state law claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, the court may not go outside the pleadings, specifically the complaint in this case.  "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings.  We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff.

We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993) (internal footnotes and citations omitted).  *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007) (other citations omitted).  Of course, if any matters outside the complaint are considered, the motion is converted to one for summary judgment.  *See Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980).

Since the 12(b)(6) motion usually only tests the allegations of the complaint, "a post-answer Rule 12(b)(6) motion is untimely and some other vehicle, such as a motion for judgment on the pleadings or for summary judgment must be used to challenge the failure to state a claim for relief."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1357 at 300 (1990).  However, such a result is only technically correct since subject matter jurisdiction may be raised at any time, either by the court *sua sponte* or by a motion to dismiss.  *See, Burks v. Texas Co.*, 211 F.2d 443 (5th Cir. 1954).   Therefore, any motion which challenges the subject matter jurisdiction of the court would be proper at any time, even up until trial.  Rule 12(h)(3), Fed.R.Civ.P. Therefore, while technically a 12(b)(6) motion may be made at any time, even after a responsive pleading is filed, the court still may not consider anything but the well-

pleaded allegations of the complaint in ruling on it.  If any matters outside the complaint are considered, the motion is converted to one for summary judgment.  Regarding such conversion, Rule 12(b) provides specifically;

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Thus, "The element that triggers the conversion is a challenge to the sufficiency of the pleader's claim supported by extra-pleading material.  It is not relevant how the defense is actually denominated."  5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1366 at 485 (1990).  Further, as the Fifth Circuit has explained;

> The only way to test the merit of a claim if matters outside the bounds of the complaint must be considered is by way of motion for summary judgment.  In that event, even if a motion to dismiss has been filed, the court must convert it into a summary judgment proceeding and afford the plaintiff a reasonable opportunity to present all material made pertinent to a summary judgment motion by Fed.R.Civ.P. 56.  *Arrington v. City of Fairfield*, 414 F.2d 687 (5th Cir. 1969); 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1366 at 679 (1969).

*Murphy v. Inexco Oil Co.*, 611 F.2d at 573.

On a 12(b)(6) motion, of course the court must view all well-pleaded facts as true and in the light most favorable to the non-moving party.  However, "once the proceeding becomes one for summary judgment, the moving party's burden changes and he is obliged to demonstrate that there exist no genuine issue as to any material fact and that he is entitled to judgment as a matter of law."  C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1366 at 506 (1990).  If the court is to

consider any matters outside the Complaint, the Motion to Dismiss must be converted into one for summary judgment under Rule 56.  The standard of review for motions for summary judgment as oft quoted by the court is as follows:

The Federal Rules of Civil Procedure, Rule 56(c) authorizes summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FRCP 56(c); and *see Celotex Corporation v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986).  The existence of a material question of fact is itself a question of law that the district court is bound to consider before granting summary judgment.  *John v. State of La. (Bd. of T. for State C. & U.)*, 757 F.2d 698, 712 (5th Cir. 1985).

A Judge's function at the summary judgment stage is not himself to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.  There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 91 L.Ed.2d 202, 106 S.Ct. 2505 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role.  *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis*, 799 F.2d 218, 222 (5th Cir. 1986).  "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment.  The dispute must be genuine, and the facts must be material."  *Id.*  "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law

will preclude summary judgment." *Phillips Oil Company v. OKC Corporation*, 812 F.2d 265, 272 (5th Cir. 1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat. Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131.

"Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broadcasting Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978). In other words, "the

-6-

nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact."  *In Re Municipal Bond Reporting Antitrust Lit.* , 672 F.2d 436, 440 (5th Cir. 1982).  To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e), Fed.R.Civ.P.  *See also, Union Planters Nat. Leasing v. Woods*, 687 F.2d at 119.

While generally "'[t]he burden to discover a genuine issue of fact is not on [the] court,' (*Topalian* 954 F.2d at 1137), 'Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting a summary judgment.'"  *John*, 757 F.2d at 712 (quoting *Keiser v. Coliseum Properties, Inc.*, 614 F.2d 406, 410 (5th Cir. 1980)).

## ANALYSIS

The Plaintiff has pursued her federal claims pursuant to 42 U.S.C. §1983 and is pursuing her state tort claims under this court's supplemental jurisdiction pursuant to 42 U.S.C. § 1367.  The motion of GCSD, at this time, is based upon the state law claims which GCSD contends are not viable under the Mississippi Tort Claims Act.  GCSD has specifically reserved the right to file a separate Motion to Dismiss and/or for Summary Judgment based upon the claims under Section 1983 and Qualified Immunity.

The Plaintiff in this matter, for purposes of this motion, has alleged state claims for: (1) assault and battery [Count III]; (2) intentional and negligent infliction of emotional

distress [Count IV]; (3) negligence and/or gross negligence [Count V]; (4) failure to properly train, supervise, manage and discipline Gerald Wayne Pugh [Count VI]; and, (5) negligent supervision, hiring and negligent retention [Count VII].

The GCSD asserts that none of these claims can be maintained pursuant to the provisions of the Miss. Tort Claims Act ("MTCA"), § 11-46-1 *et seq.*, since they depend upon an (1) employment status, and (2) that the actions of the employee occurred during the "course and scope" of employment with the political subdivision (i.e., the GCSD).  Specifically, GCSD contends that Pugh was not its employee and thus it is immune from the plaintiff's state law claims under the MTCA.

Further, under the MTCA, the School District correctly points out that it can only be liable for acts or omissions of its "employees" (as "law enforcement" personnel) if: (1) they were performed "during the course and scope of employment," and (2) if done in connection with the "course and scope of employment" of the employee, then (as it relates to law enforcement) the proof requires a showing of "reckless disregard" for the Plaintiff's safety and well-being (and provided she was not engaged in criminal activity at the time of injury).  *See* Miss. Code Ann. § 11-46-9(1)(c); *Turner v. City of Ruleville*, 735 So. 2d 226, 230 (Miss. 1999).  However, the MTCA specifically excludes from the waiver of immunity a criminal offense as being in the "course and scope" of employment.

The first specific section of the MTCA relevant to this analysis, Section 11-46-5 states as follows:

**§ 11-46-5 Waiver of Immunity**

(1) . . . , the immunity of the state and its political subdivisions from claims

-8-

for money damages arising out of the torts of such governmental entities and the torts of their employees while acting within the course and scope of their employment is hereby waived . . .

(2) For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or be considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense other than traffic violations.

Miss. Code Ann. § 11-46-5(1) and (2).

Further, Section 11-46-7 (2) again specifically addresses the lack of liability of a governmental entity for conduct outside the course and scope of employment when it constitutes a criminal offense.

**§ 11-46-7 Exclusiveness of remedy**
. . .

(2) An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties. For the purposes of this chapter an employee shall not be considered as acting within the course and scope of his employment and a governmental entity shall not be liable or considered to have waived immunity for any conduct of its employee if the employee's conduct constituted fraud, malice, libel, slander, defamation or any criminal offense.

Miss. Code Ann § 11-46-7(2)

The Mississippi Supreme Court has interpreted these sections in a case alleging similar facts as the instant litigation. *See Cockrell v. Pearl River Valley Water Supply District*, 865 So. 2d 357, 361-362 ¶13-14 (Miss. 2004). The Plaintiff in *Cockrell* alleged a security patrol officer for Pearl River Valley Water Supply District, a governmental entity, attempted to kiss her while stopping her for suspicion of DUI. The Court found

the officer "diverted from his employment for personal reasons" and was not acting in the course and scope of his employment when he attempted to kiss the Plaintiff.  *Id.* at ¶ 17.  The *Cockrell* Court stated that: "Mississippi law provides that an activity must be in furtherance of the employer's business to be within the scope and course of employment."  *Id.* at ¶14 (citing *L.T. ex rel. Hollins v. City of Jackson*, 145 F.Supp. 2d 750, 757 (S.D. Miss. 2000) (citations omitted).  "To be within the course and scope of employment, an activity must carry out the employer's purpose of the employment or be in furtherance of the employer's business."  *Id.* (citations omitted).

In *Cockrell*, the Mississippi Court specifically referenced the fact that "[t]he Southern District of Mississippi and the Fifth Circuit, applying Mississippi law, have held that sexual misconduct falls outside the course and scope of employment" after citing two specific and relevant cases to the instant litigation.  *Id.* at ¶ 15-17.  In *L.T. ex rel. Hollins v. City of Jackson*, *supra*,  *Cockrell* noted that the district court granted summary judgment for the City of Jackson after finding the officer was acting outside the course and scope of his employment with the police department when he engaged in sexual activity with the minor Plaintiff after finding her parked with her boyfriend.  *Id.* at ¶ 15 (citing *Hollins*, 145 F.Supp.2d at 757).  *Cockrell* also cited *Tichenor v. Roman Catholic Church of the Archdiocese of New Orleans*, 32 F.3d 953 (5th Cir. 1994), in which the Fifth Circuit found a priest was not acting within the course and scope of his employment when he allegedly molested Tichenor.

In the instant case, the Green County School District has submitted the affidavit of Superintendent Fleming stating Defendant Pugh was not (and never has been) an employee of the School District.  Without an employer/employee relationship, the

-10-

School District is immune from any and all state law claims.  The GCSD also contends

that, clearly, the alleged claim of rape asserted by E.D. against Pugh, which is the basis

for the assault and battery claim and from which all of the state claims spring, is not in

"furtherance" of the Greene County School District's "purpose or business" as required

by the MTCA and cases interpreting it, thus, entitling the GCSD to dismissal of these

claims.   *Cockrell*, 865 So. 2d at 361-362

       The plaintiff responds that she recognizes that under current law, she cannot

"maintain an action against a governmental entity for actions of its employees which

constitute criminal conduct because such criminal activity, regardless of other

circumstances, has been defined by the Legislature as being outside the course and

scope of employment."  But the plaintiff does not go so far as to admit that Pugh was

not an employee of the GCSD.  She, however, has provided no proof showing that

Pugh was an employee of the School District in the face of evidence to the contrary.

       She continues that even though she "holds proof that the employer should have

been on notice of the propensity of the officer to engage in improper sexual conduct, the

rape itself would constitute criminal conduct, and is, therefore, defined by law as outside

the course and scope of employment for state law claims."  She concludes, "[t]herefore,

while plaintiff believes that the statute as written is Constitutionally suspect and should

be overturned on Constitutional grounds under the Due Process Clause of the 14th

Amendment, the positive law of Mississippi at this time prohibits maintenance of the

claim based upon the rape."

       However, the Plaintiff contends that not all of her state law claims arise from the

alleged rape.  Instead, she insists that she has made specific direct claims against the

GCSD.  Specifically, the Plaintiff argues that she has adequately alleged that the school district did not exercise ordinary care and was in fact negligent in hiring Pugh, failing to supervise Pugh and retaining him after serious allegations arose and in failing to protect and/or provide a safe environment for students.

In the latter respect, the Plaintiff points out that under Miss. Code Ann. Section 11-46-9(1)(b), the School District maintains immunity only so long as it exercises "ordinary care."  "Public schools have the responsibility to use ordinary care and to take reasonable steps to minimize foreseeable risks to students thereby providing a safe school environment*." Henderson v. Simpson County Public School District*, 847 So. 2d 856 (Miss. 2003) (quoting *L. W. v. McComb Sep. Mun Sch. Dist.*, 754 So. 2d 1136, 1143 (Miss. 1999).  To prevent dismissal of these so-called direct claims, the Plaintiff asserts that after the incident of October 9, 2009, when E.D. was at school and Pugh was working in his capacity as a Resource Officer, he called her out of class and repeatedly threatened her in order to silence her about his previous conduct.

However, all of the Plaintiff's state law claims depend on Pugh being an employee of the GCSD and within the course and scope of his employment with it to create any liability on the part of the School District.  The court, having found that Pugh was not an employee of the School District negates all claims of the Plaintiff for which the School District could have been liable by virtue of the waiver of immunity under the MTCA, separate and apart from the alleged criminal acts of Pugh.  Therefore, all of the Plaintiff's state law claims asserted against the Greene County School District shall be dismissed.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss or

for Summary Judgment **[#57]** filed on behalf of the defendant, Greene County School District is granted and the Plaintiff's state law claims for (1) assault and battery [Count III]; (2) intentional and negligent infliction of emotional distress [Count IV]; (3) negligence and/gross negligence [Count V]; (4) failure to properly train, supervise, manage and discipline Gerald Wayne Pugh [Count VI]; and, (5) negligent supervision, hiring and negligent retention [Count VII] are dismissed with prejudice as to this defendant only.  A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this 31st day of October, 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE